# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# AKRON DIVISION

| | |
|---|---|
| RICKI C. RICH, <br><br> Plaintiff, <br><br> v. <br><br> SEQUIUM ASSET SOLUTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:21-cv-00488 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes RICKI C. RICH ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of SEQUIUM ASSET SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events that gave rise to this action occurred within the Northern District of Ohio.

### PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing within the Northern District of Ohio.

5. Defendant is a limited liability company organized and existing under the laws of Georgia and has its principal place of business located at 1130 Northchase Parkway SE, Suite 150, Marietta, Georgia 30067. Defendant regularly collects upon consumers located within the State of Ohio.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect upon an outstanding Direct TV debt ("subject debt") that Plaintiff allegedly owed to DirectTV.

8. On February 16, 2021, Plaintiff began receiving collection calls to her cellular telephone number, (513) XXX-9899.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9899. Plaintiff is and always has been financially responsible for the cellular phone and its services.

10. Defendant has called Plaintiff using various phone numbers, including but not limited to (513) 810-5469 and (513) 810-5499.

11. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activities.

12. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

13. On February 16, 2021, Defendant placed a collection call to Plaintiff's cellular telephone at a time that she was unable to answer any calls, so she rejected the phone call.

14. Immediately after Plaintiff rejected the phone call, Defendant immediately placed two additional phone calls in rapid succession to Plaintiff's cellular telephone within a two minute time-frame.

15. On February 18, 2021, Defendant again placed a collection call to Plaintiff's cellular telephone at a time that she was unable to answer any calls, and she rejected the phone call.

16. Again, immediately after Plaintiff rejected the phone call, Defendant placed an additional phone call to Plaintiff's cellular telephone within a minute of the first rejected collection call.

17. Frustrated and concerned over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in exhausting time and resources.

18. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, feeling harassed by Defendant's rapid collection calls, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the incessant calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

22. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

24. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

   a. **Violations of FDCPA §1692d**

25. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

26. In addition, this section enumerates specific violations, such as:

> "Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5);

> "[T]he placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6).

27. Defendant violated §§ 1692d(5) when it repeatedly called Plaintiff in rapid succession with the intent to harass Plaintiff. Defendant's placing of repeated phone calls in short succession underscore Defendant's intent to harass Plaintiff into submission, in violation of the FDCPA.

   b. **Violations of FDCPA § 1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debt by repeatedly calling Plaintiff in rapid succession on multiple occasions.

30. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, RICKI C. RICH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 2, 2021

Respectfully submitted,

*/s/ Nathan C. Volheim*
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com